# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

March 29, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RONALD L. DAVIS, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| VS. | ) | Appeal No. |
| | ) | M1999-00460-COA-R3-CV |
| WARDEN FLORA J. HOLLAND, | ) | |
| ASSOCIATE WARDEN DAVID | ) | Davidson Circuit |
| RUSSELL, CLASSIFICATION | ) | No. 97C-3095 |
| COORDINATOR BOB ERVIN, | ) | |
| JOB COORDINATOR CHARLES | ) | |
| D. SZOSTECKI, WARDEN RICKY | ) | |
| BELL, COMMISSIONER DONAL | ) | |
| CAMPBELL, ASSISTANT | ) | |
| COMMISSIONER CHARLES | ) | |
| BASS, AND CLASSIFICATION | ) | |
| DIRECTOR HOWARD COOK, | ) | |
| | ) | |
| Defendant/Appellee, | ) | |

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE MARIETTA M. SHIPLEY, JUDGE

FOR APPELLANT:

RONALD L. DAVIS, PRO SE
Turney Center Industrial Farm
Route 1
Only, Tennessee 37140-9709

FOR APPELLEES:

PAUL G. SUMMERS
Attorney General & Reporter

PAMELA S. LORCH
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

**O P I N I O N**

A prisoner in the custody of the Department of Correction claimed that numerous employees of the Department violated his constitutional rights by refusing to assign him to a position as an inmate legal advisor. The trial court dismissed his claim for failure to pay the legal costs assessed against him in an earlier case. We affirm.

**I.**

Ronald L. Davis was incarcerated at the West Tennessee High Security Facility (WTHSF) in Henning, Tennessee where he worked as an inmate legal advisor. He applied for an open position as an inmate legal advisor in the Department of Correction's Special Needs Facility (SNF) or in its Riverbend Maximum Security Institution (RMSI), both of which are located in Davidson County. Mr. Davis' request was denied. He was later transferred to the Turney Center Industrial Prison (TCIP) in Only, Tennessee.

On September 27, 1997, Mr. Davis filed a complaint under U.S.C. 42 § 1983 and Tenn. Code. Ann. § 28-3-104 in the Circuit Court of Davidson County. He claimed that he was intentionally overlooked for the legal support positions in the Davidson County institutions in retaliation for his legal activities on behalf of other inmates and himself. Mr. Davis named as defendants the wardens and other officials of SNF and RMSI, as well as the Commissioner, Assistant Commissioner and Classification Director of the Department of Correction.

The State responded by filing a motion to dismiss on December 12, 1997, claiming improper venue, a lack of jurisdiction because of Mr. Davis' failure to comply with the requirements of Tenn. Code. Ann. § 41-21-801 et seq., and the failure to state a claim upon which relief can be granted. See Tenn. R, Civ. P. 12.02(6). Mr. Davis filed a memorandum in opposition to the State's motion, and a subsequent motion for the court to grant him a judgment on the pleadings. On August 26, 1998 he filed a motion for leave to file a supplemental complaint. On September 28, 1998, he filed a motion for summary judgment on his claims.

In the proposed supplemental complaint, Mr. Davis claimed that he had been transferred to TCIP at the behest of the defendants. He had been confined at TCIP earlier in his sentence, and he had submitted grievances and lawsuits against the institution's officials at that time. He claimed that he was in fear for his life, because those same officials were now harassing him and threatening him with bodily harm in retaliation for the previous lawsuits. He said that he had received letters containing threats and racial epithets that had been slipped under his cell door.

## II.  The Court's First Ruling

The trial court issued its first memorandum and order on the pending motions on November 16, 1998. The court granted Mr. Davis' motion to supplement his complaint, and declared that Mr. Davis had stated a constitutional claim, but that his pleadings were deficient because of failure to

comply with the statutory guidelines that inmates must follow when filing lawsuits.

## a. Venue

Tenn. Code. Ann. § 41-21-803 reads:

**Venue.--**Except as otherwise provided by law, an action that accrued while the plaintiff inmate was housed in a facility operated by the department shall be brought in the county in which the facility is located.

The defendants argued that the only proper venue for filing this case was in Lauderdale County, where WTHSF is located. Mr. Davis argued that venue was proper in Davidson County, because all the defendants reside there. In deciding that question, the trial court cited the case of *Sweatt v. Conley*, Court of Appeals No. 01-A-01-9706-CH-00247, (filed Nashville, December 5, 1997) which dealt with a similar issue of venue.

In that case, Antonio Sweatt, an inmate in the Lake County Regional Facility, brought a U.S.C. 42 § 1983 action in the Davidson County Chancery Court. The defendants filed a motion to dismiss the claim for improper venue, but the trial court overruled the motion. The trial court ultimately dismissed the petition for failure to state a claim upon which relief could be granted.

On appeal, this court found that Mr. Sweatt had stated a cognizable claim under U.S.C. 42 § 1983, but we revisited the question of venue. We noted that Tenn. Code. Ann. § 41-21-803 did not apply, because it was not yet in effect when Antonio Sweatt filed his petition. We reasoned that a claim for violation

of civil rights must be considered a transitory action because it can arise anywhere. The general law in regard to transitory actions therefore applied, which is that "the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found." Tenn. Code. Ann. § 20-4-101(a).

There was no evidence in the record as to where Mr. Conley and the other defendants resided. We noted that they all worked in Lauderdale or Lake Counties, which are on the western boundary of the state, and we therefore found it reasonable to infer that they did not reside in Davidson County, which is near the center of the state. We accordingly affirmed the dismissal of Mr. Sweatt's civil rights claim, but held that it should be without prejudice to his right to refile in Lake County.

In the present case, the trial court found that while the cause of action arose in Lauderdale County, it would consider Mr. Davis' assertions regarding the residence of the defendants. It therefore ordered Mr. Davis to amend his complaint within 30 days to indicate the actual residence of the defendants, with the complaint to be dismissed if he failed to do so, or if there were no defendants residing in Davidson County.

**b. Failure to File Required Documents**

The defendants had argued that Mr. Davis' complaint should be dismissed for lack of jurisdiction, because he had failed to supply the court with documents that the legislature has required be submitted every time an inmate

files a complaint accompanied by an affidavit of inability to pay court costs. The required documents are listed in Tenn. Code. Ann. § 41-21-805, and include,

> (1) A complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed; and
>
> (2) For each claim or action listed in subsection (a):
>
> > (A) The operative facts for which relief was sought;
> > (B) The case name, case number and court in which the suit or claim was filed;
> > (C) The legal theory on which the relief sought was based;
> > (D) The identification of each party named in the action; and
> > (E) The final result of the action, including dismissal as frivolous or malicious under this part or otherwise.
>
> (b) If the affidavit filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit must state the date of the final order affirming the dismissal.
>
> (c) The affidavit must be accompanied by a current certified copy of the inmate's trust account statement.

Again, the trial court gave Mr. Davis 30 days in which to comply with the statute. The court stated that failure to provide any of the information required by Tenn. Code. Ann. § 41-21-805 would result in dismissal of his complaint.

**c. The Retaliation Claim**

The trial court found that Mr. Davis had presented sufficient proof that he was engaged in a constitutionally protected activity by providing legal assistance to his fellow inmates. Relying on the case of *Johnson v. Avery*, 393

-6-

U.S. 483 (1969) the court concluded that state officials were precluded from acting in retaliation against him for his role as an inmate legal assistant.[1]

The court then ruled that under the two-pronged test to determine whether a person's constitutional rights had been violated, the burden had shifted to the defendants to show "whether they would have made the same decisions regarding Davis' transfer, reclassification and job assignment, if he had not helped other inmates to file lawsuits." Since the defendants had not yet met that burden, the court denied their motion to dismiss for failure to state a claim.

In the conclusion portion of her order, the trial judge stated "[s]ummary judgment is granted as to the constitutional right to job changes, prison transfers, and changes in security classifications, insofar as they do not relate to retaliation." We quote the somewhat confusing language of the court's order here because one of Mr. Davis' arguments on appeal is based upon an erroneous interpretation of her ruling.

## III. The Final Order

Mr. Davis filed a motion to alter the memorandum opinion in which he provided the <u>business</u> address of each defendant, a statement of his Inmate Trust Account, and a list of 29 cases he had filed in the courts of the State of Tennessee. The defendants filed a motion to dismiss, accompanied by the

---

[1]In *Johnson v. Avery*, the Supreme Court ruled that the State could not enforce prison regulations barring inmates from furnishing legal assistance to other prisoners, unless the state itself provided some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief. Thus, the right belongs to the inmate who would otherwise be denied meaningful access to the courts. It does not belong to the individual who seeks the role of helping him.

affidavit of a records specialist employed by the Civil Rights and Claims Division of the Office of the Attorney General. She stated that the list of lawsuits submitted by Mr. Davis was not complete, and that her division had thirty open files on lawsuits brought by Mr. Davis, and previously closed files on an additional twenty-four lawsuits.

The trial court issued its final order on March 1, 1999. The court noted that Mr. Davis had not fully complied with its earlier order, and stated that the defendants' motion to dismiss was well taken. However, the court declared that it would allow Mr. Davis ten days from the date of the entry of its order to file a voluntary non-suit pursuant to Tenn. R. Civ. P. 41.01. If the non-suit was not taken in the time allowed, the motion to dismiss would be granted with prejudice. Instead of filing a non-suit, Mr. Davis appealed to this court.

### IV.  Issues on Appeal

### a.  Venue

Since Mr. Davis has not raised the issue of venue on appeal, we need not conclusively address that issue here. However, there was a strong implication in the trial court's ruling that venue for this case would have been proper in Davidson County if Mr. Davis had supplied it with the residential addresses of the individual defendants. While that may be consistent with the result of *Antonio v. Sweatt*, supra, we are not sure that case applies here, since it did not consider the effect of Tenn. Code. Ann. § 41-21-803.

## b. Unpaid Court Costs

The purpose of subjecting indigent inmates to the filing requirements of Tenn. Code. Ann. § 41-21-805 is to discourage the filing of meritless lawsuits at public expense. To further this aim, the legislature has also enacted Tenn. Code. Ann. § 41-21-807, which directs the court to order any inmate who had filed a claim that was found to be frivolous or malicious to pay the filing fees and court costs for that claim.

The court is authorized to dismiss any claim if an inmate fails to pay filing fees, court costs or any other costs assessed for filing a frivolous or malicious lawsuit. Tenn. Code. Ann. § 41-21-807(h). The statute also provides a mechanism for charging the costs assessed against the inmate's trust account.

With their motion to dismiss, the defendants filed statements of due and unpaid costs from a small sampling of cases filed by Mr. Davis. The unpaid costs on those cases alone added up to thousands of dollars. The individuals sued included the Governor, a Senior Judge, the Commissioner of Correction, the Attorney General, an Assistant Attorney General, numerous employees of the Department of Correction, and a sporting goods manufacturer. In one case filed in the Fifth Circuit Court of Davidson County, *Ronald Davis v. Sohnia Hong and John Knox Walkup*, Case No. 97C-2434, the trial court found the action to be both malicious and frivolous.

In his response to the motion to dismiss, Mr. Davis moved the trial court to order the costs in *Davis v. Hong* deducted from his trust account. The

court properly granted the motion. However we do not believe that Mr. Davis' obligation was fully discharged by the court's actions. Tenn. Code. Ann. § 41-21-812 reads:

> (a) Except as provided by subsection (b), on notice of assessment of any fees, taxes, costs and expenses under this part, a clerk of a court may not accept for filing another claim by the same inmate until such prior fees, taxes, costs and other expenses are paid in full.

> (b) A court may allow an inmate who has not paid any costs or expenses assessed against the inmate to file a claim for injunctive relief seeking to enjoin an act or failure to act that creates a substantial threat of irreparable injury or serious physical harm to the inmate.

In view of this statute, it appears to us that the trial court's order of dismissal was well taken. We also believe that Mr. Davis should not be permitted to file another claim (other than one under Tenn. Code Ann. § 41-21-812(b)) at least until he has finished paying off the costs in *Davis v. Hong*.

### c. The Retaliation Claim

Mr. Davis argues on appeal that the trial court erred in reversing its previous order of summary judgment in his favor. It is clear from his brief that he believed that the trial court granted him summary judgment on his claim of retaliation, subject only to proof on his claim of venue, and on compliance with the requirements of Tenn. Code. Ann. § 41-21-805.

A fair reading of the court's memorandum and order, however, shows this not to be the case. The court found only that by providing legal assistance to his fellow inmates, Mr. Davis was engaged in an activity that was

constitutionally protected.  The court's order never amounted to more than a denial of the defendants' Tenn. R. Civ. P. 12.02(6) motion to dismiss Mr. Davis' retaliation claim, and was not a grant of summary judgment on that claim.  Thus Mr. Davis' argument is groundless, and since the court dismissed the complaint on other grounds, it is also moot.

# V.

The order of the trial court is affirmed.  Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion.  Tax the costs on appeal to the appellant, Ronald Davis.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE