IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 28, 2000

## JABARI ISSA MANDELA v. JIM ROSE, ET AL.

**Appeal from the Chancery Court for Wayne County**
**No. 10448     Stella Hargrove, Chancellor**

_____

### No. M1999-02552-COA-R3-CV - Filed July 31, 2001

_____

The trial court summarily dismissed the plaintiff pro se prisoner's complaint for lack of jurisdiction before service of process was had or response filed.  Based on the record before us, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Jabari Issa Mandela, Henning, Tennessee, Pro Se

### MEMORANDUM OPINION[1]

A pro se prisoner appeals from the trial court's dismissal for lack of jurisdiction of his complaint against Department of Correction employees and employees of the private corporation which operated the facility in which he was housed.  Mr. Mandela filed this action asserting 42 U.S.C. § 1983 claims and state law claims, specifically: racial discrimination, excessive force, retaliatory acts for his activities providing legal help to other inmates, cruel and unusual punishment, and denial of access to the courts.

The trial court dismissed the complaint for "lack of jurisdiction" in an order entered the same day as the complaint was filed.  Therefore, no service was had on the defendants, and no answer or other response was filed.  Consequently, no brief has been filed in this court in response to Mr.

_____

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mandela's appeal. The trial court provided no further explanation of the dismissal, and we are left to discern on what basis the court lacked subject matter jurisdiction.

Like Mr. Mandela in his motion to alter or amend the order of dismissal, we have considered several bases upon which the court may have reached its decision. While some claims appear to be time barred and there may be various deficiencies in other claims, we are unable to find on the face of the complaint a jurisdictional basis for dismissal of the entire complaint. State courts have jurisdiction over civil rights actions filed pursuant to 42 U.S.C. § 1983. *See Luther v. Compton*, 5 S.W.3d 635, 639-40 (Tenn. 1999) (Tennessee Supreme Court analyzed plaintiff's 42 U.S.C. § 1983 claims, and affirmed the trial court's grant of defendants' motion for summary judgment).

Petitioner sought to proceed *in forma pauperis*, thereby triggering the provisions of Tenn. Code Ann. § 41-21-801 *et seq.* Tenn. Code Ann. § 41-21-804 gives the trial court authority to dismiss a claim filed by an inmate, either before or after service of process on the defendant, if the court finds (1) that the allegation of poverty in the inmate's affidavit is false, or (2) the claim is frivolous or malicious. In making a determination whether the claim is frivolous or malicious, the court may consider enumerated factors, including whether the claim has a chance of success, whether the claim has a basis in law and in fact, and whether the claim is substantially similar to a previous claim filed by the inmate. Tenn. Code Ann. § 41-21-804(b). The trial court made none of these findings.

Tenn. Code Ann. § 41-21-806 requires that an inmate who files a claim that is subject to review by the grievance procedures established by the Department pursuant to Tenn. Code Ann. § 41-21-817 file with the court an affidavit stating the date the grievance was filed and the date the final decision of the grievance committee was received. A copy of that decision must be filed with the complaint. In the required affidavit accompanying his complaint, Mr. Mandela stated that some of the claims in his lawsuit had been submitted to grievance proceedings. He does not specify which. He did not attach a copy of the grievance committee's decision.

In addition, an inmate who has previously filed actions subsequently determined to be frivolous and ordered to pay associated costs and expenses pursuant to Tenn. Code Ann. § 41-21-807 may not file subsequent lawsuits until those costs and expenses are paid in full. Tenn. Code Ann. § 41-21-812.

This court has sustained dismissals based on failure to comply with these and other requirements of Tenn. Code Ann. §§ 41-21-801 *et seq. See e.g.*, *Williams v. Bell*, 37 S.W.3d 477 (Tenn. Ct. App. 2000) (complaint dismissed pursuant to Tenn. Code Ann. § 41-21-805 for failure to attach affidavit listing previous lawsuits);[2] *Davis v. Holland*, 31 S.W.3d 574 (Tenn. Ct. App. 2000) (complaint dismissed pursuant to Tenn. Code Ann. § 41-21-812 for failure to pay previous court costs); *Herron v. Morgan*, No. M1999-02774-COA-R3-CV, 2000 WL 1121537 (Tenn. Ct.

---

[2]We note that *Williams* held that a dismissal on those grounds would be without prejudice.

App. Aug. 9, 2000) (perm. app. denied March 19, 2001) (complaint dismissed as frivolous pursuant to Tenn. Code Ann. § 41-21-804(b)).

While these grounds may or may not exist in relation to Mr. Mandela's complaint, the record before us does not provide us with the information necessary to make that determination. Further, the trial court specifically stated the grounds for dismissal as lack of jurisdiction and made no finding with regard to Tenn. Code Ann. §§ 41-21-801 et seq.

Based upon the record before us, we reverse the trial court's summary dismissal of the complaint and remand for further proceedings. Costs of this appeal are waived.

_____
PATRICIA J. COTTRELL, JUDGE