IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 2000 Session

# RONALD L. DAVIS v. TENNESSEE BOARD OF PAROLES, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 983555-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2000-00668-COA-R3-CV - Filed July 19, 2000**

---

This is another in a series of cases filed by a certain prison inmate, Ronald L. Davis, this time seeking the issuance of a common law writ of certiorari on the basis that the Tennessee Board of Probation and Parole improperly refused to grant him early release. The board cited the seriousness of the offense for which he was convicted as the basis for its decision and moved for dismissal of the petition or alternatively for summary judgment. The trial court held this suit to be barred by Tennessee Code Annotated section 41-21-812 which prohibits the filing of subsequent lawsuits by inmates who have unpaid costs related to previous suits. The trial court dismissed this case under Tennessee Code Annotated section 41-21-812 and on the basis that the Petition for Writ of Certiorari failed to state a claim upon which relief could be granted. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Ronald L. Davis, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Stephanie R. Reevers, Assistant Attorney General, for the appellee, Tennessee Board of Paroles.

# MEMORANDUM OPINION[1]

On December 1, 1998, Ronald L. Davis filed his Petition for Common Law Writ of Certiorari in the Chancery Court for Davidson County, complaining that the Tennessee Board of Paroles had refused to grant him early release. In granting the Motion to Dismiss and Summary Judgment, the trial court held:

> With respect to the motion to dismiss or for summary judgment, the Court grants the motion for summary judgment as follows.
>
> The Court concludes from the papers filed by the respondents that the petitioner's suit is barred by Tennessee Code Annotated section 41-21-812 which prohibits the filing of subsequent lawsuits by inmates who have unpaid costs assessments related to previous suits. In support of the motion for summary judgment the respondents have filed bills of costs showing that Mr. Davis has accrued thousands of dollars of unpaid costs in Davidson County Circuit Court alone. The petitioner has not stated in his lawsuit any request for injunctive relief as the result of a substantial threat of irreparable injury or serious physical harm. Thus, the conditions stated in Tennessee Code Annotated section 41-21-812 have been complied with, and the Court determines that the above-captioned matter shall be dismissed for failure of Mr. Davis to pay such costs.
>
> The Court additionally grants the motion to dismiss because the only proper respondent in this case is the Tennessee Board of Paroles. Tennessee Code Annotated sections 27-9-101 through 114 and *Fairhaven Corp. v. Tennessee Health Facilities Commission*, 566 S.W.2d 885 (Tenn. App. 1976) provide that writs of certiorari challenging parole decisions of the Tennessee Board of Paroles should name the Board of Paroles and only the Board of Paroles as the respondent as ultimately any relief awarded can only be afforded by the Tennessee Board of Paroles. Therefore the Court dismisses the above-captioned action as to any party except for the Tennessee Board of Paroles.
>
> Finally, the Court grants the motion to dismiss for failure to state a claim

---

[1]Rule 10(b) of the Rules of the Court of Appeals of Tennessee reads as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

upon which relief can be granted because the petitioner has failed to allege specific material facts demonstrating that the Parole Board acted illegally, fraudulently or arbitrarily. The conclusory allegations made by the petitioner that the hearing was "mock" are insufficient. With respect to the petitioner's theory that seriousness of the offense was not a legitimate reason for denial of parole, the Court notes that Tennessee Code Annotated section 40-35-503(b) specifically provides that the Board may refuse to release an inmate on parole if doing so would depreciate the seriousness of the crime for which the defendant stands convicted. In *Arnold v. Board of Paroles*, 956 S.W.2d 478, 482-83 (Tenn. 1997), the Tennessee Supreme Court held that it is legal for the Board of Paroles to consider the seriousness of an inmate's offense in its determinations regarding parole.

We agree with the chancellor in all respects. As to Tennessee Code Annotated section 41-21-812, the record before the Court shows the following unpaid costs of previous litigation assessed against Ronald L. Davis by the Circuit Court of Davidson County.

| | | |
|---|---|---|
| 1. *Ronald Davis v. Coi Abrams, et al* | No. 97C-368 | $ 206.00 |
| 2. *Ronald L. Davis v. Donal Cambell, et al* | No. 98C-237 | $ 406.00 |
| 3. *Ronald L. Davis v. Gary Gray, et al* | No. 97C-1116 | $ 265.00 |
| 4. *Ronald L. Davis v. Qualls, et al* | No. 98C-343 | $ 308.50 |
| 5. *Ronald L. Davis v. Don Sundquist, et al* | No. 98C-287 | $ 213.50 |
| 6. *Ronald L. Davis v. Wilson Sporting Goods Co.* | No. 97C-2595 | $ 194.50 |
| 7. *Ronald L. Davis v. Sohnia W. Hong, et al* | No. 97C-2434 | $ 227.50 |
| 8. *Ronald L. Davis v. J. Edwin Ralston, et al* | No. 97C-451 | $ 383.50 |

On March 29, 2000, this Court released its opinion in *Davis v. Holland,* No. M1999-00460-COA-R3-CV, 2000 WL 313537 (Tenn. Ct. App. 2000), applying Tennessee Code Annotated section 41-21-812 against this same Ronald L. Davis. Contemporaneous with the case at bar is *Davis v. Campbell*, No. M1999-02294-COA-R3-CV (Tenn. Ct. App. filed July 13, 2000), wherein this Court affirms the chancellor's memorandum finding that this plaintiff, Ronald L. Davis, had outstanding unpaid court costs in the amount of $2,664.

On appeal, the appellant challenges the constitutionality of Tennessee Code Annotated section 41-21-812. This challenge cannot be raised and heard for the first time on appeal. *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983).

The judgment of the Chancellor is in all respects affirmed and the costs are assessed against

Ronald L. Davis.

_____
WILLIAM B. CAIN, JUDGE