IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 11, 2001

## WALTER E. PRESTON v. W.G. LUTCHE, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 01-2008-II    Carol McCoy, Chancellor**

_____

**No. M2001-03153-COA-R3-CV - Filed January 9, 2003**

_____

Appellant filed, pro se, a Petition for Writ of Certiorari. He was convicted of a Class X felony in 1982 and now seeks to rescind his April 9, 1986 waiver executed pursuant to Tennessee Code Annotated section 41-21-236. The trial court dismissed the Petition for failure of Appellant to respond to an Order requiring him to submit a copy of his inmate trust account showing all activity in the account for the six months immediately prior to the filing of the action. The trial court did not abuse its discretion in dismissing the Petition on such basis. We hold, on the merits, that Appellant is not entitled to the relief sought. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., and PATRICIA J. COTTRELL, J., joined.

Walter E. Preston, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter; Michael Moore, Solicitor General and Pamela S. Lorch, Assistant Attorney General, for the appellees, W.G. Lutche.

### OPINION

Appellant, Walter E. Preston, was convicted in 1982 of armed robbery with a deadly weapon, which was a Class X felony, and was sentenced to forty years in the Department of Corrections. On April 9, 1986, he signed a waiver pursuant to Tennessee Code Annotated section 41-21-236 in order to earn sentence reduction credits. Twelve years later, he sought to rescind his waiver and, upon refusal of the Department of Corrections to allow him to do so, filed the present action.

Appellant sought to prosecute his Petition as an indigent, and the trial court ordered him to comply with Tennessee Code Annotated section 41-21-807(a) by filing a certified copy of his trust fund account statement for the six month period immediately preceding the filing of the Petition.

Upon his failure to comply, the trial court dismissed his Petition. Appellant claims that such dismissal was an abuse of discretion.

The Tennessee legislature enacted legislation, codified in Chapter 41, Part 8 of the Tennessee Code, effective May 8, 1996, that established requirements for indigent inmates who file claims in state court. Effective April 11, 2001, the legislature amended section 41-21-807 of said legislation, in pertinent part as follows:

> (a) An inmate seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit required by § 41-21-805, shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the inmate for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each facility at which the inmate is or was confined.

Tenn. Code Ann. §41-21-807(a)(Supp. 2001).

Pursuant to this statutory requirement, the chancellor ordered Petitioner to file a certified copy of his inmate trust fund account showing the fund's transactional history for the six months immediately preceding the filing of the Petition. The chancellor found that the document previously submitted by Petitioner entitled Certification of Inmate Trust Fund Account Balance did not comply with the requirements of section 41-21-807(a). The chancellor gave Petitioner forty-five days to submit the trust fund account history. At the expiration of said time period, Petitioner had failed to comply with the Order.

Petitioner did not communicate any reason for his failure to comply with the Order of the court. As the court gave Petitioner ample notice that it would dismiss the action if he did not comply with its Order to produce a six month transactional history of his inmate trust account and Petitioner failed to comply with the Order, the chancellor properly dismissed Petitioner's case. *See, Davis v. Holland*, 31 S.W.3d 574, 576 (Tenn. Ct. App. 2000) (trial court ordered inmate to submit documentation in conformance with Tenn. Code Ann. §41-21-805).

Rule 41.02 of the Tennessee Rules of Civil Procedure authorizes a court to dismiss a plaintiff's claim if the plaintiff fails to comply with the Rules of Civil Procedure or to comply with any order of the court. *Manufacturers Consol. Serv., Inc. v. Rodell*, 42 S.W.3d 846, 864 (Tenn. Ct. App. 2000). The appellate court reviews a decision to dismiss under an abuse of discretion standard. *Id.* In this case, the chancellor did not abuse her discretion in dismissing the case. The chancellor issued an Order and gave Petitioner forty-five days to comply with it. Petitioner made no apparent effort to comply therewith. As Petitioner appeared to ignore the trial court's Order and the requirements of section 41-21-807(a) of the Code, the chancellor properly dismissed the case.

The Petition in this case shows on its face that it is without merit, and we choose to address the question of law presented thereby.

Petitioner asserted that the waiver he signed pursuant to Tennessee Code Annotated section 41-21-236 operated to his disadvantage by stripping him of eligibility for Incentive Sentence Credits under former Tennessee Code Annotated section 41-21-228(b) (1982) and Prisoner Performance Sentence Credits under former Tennessee Code Annotated section 41-21-230(c) (1982). Petitioner made the same assertions made by the inmate, and rejected by this Court, in *Mauldin v. Tennessee Department of Corrections*, No. 01A01-9801-CH-00014, 1999 WL 5084 (Tenn. Ct. App. Jan. 7, 1999) (perm. to appeal denied June 21, 1999). Petitioner is serving a forty year sentence following conviction prior to July 1, 1983 of a Class X felony. He is simply not eligible for credits under former Tennessee Code Annotated section 41-21-228(b)(1982) and former section 41-21-230(c)(1982).

In *Mauldin*, this Court held:

Mr. Mauldin's second issue involves his eligibility for various sentence reduction credits. The basic facts relevant to an analysis of his position are that his offense was committed on December 18, 1983, and that he was sentenced on November 4, 1985, as a Class X offender.

Prior to July 1, 1983 those convicted of Class X felonies were not entitled to sentence reduction for good, honor, incentive or other sentence reduction credits of any sort. Tenn. Code Ann. §39-1-703(1982)[repealed]. In 1983, the General Assembly adopted Public Chapter 400, which became effective July 1, 1983. In pertinent part, Section 3 of Chapter 400 stated:

Notwithstanding the provisions of this chapter to the contrary, a person convicted of a Class X felony shall be eligible to receive prisoner performance sentence credits as provided in Tenn.Code Ann. §41-21-230 to reduce the expiration date of such person's sentence. The provisions of this subsection shall not affect the release classification eligibility date of Class X offenders.

Tenn. Code Ann. §40-28-301(I)(1983 Supp.)[repealed].

Since Appellant was convicted of a crime which was committed after the effective date of Chapter 400, he is eligible, as a Class X felon, for those credits available through Tenn. Code Ann. §41-21-230, as it was in effect at the time of Public Chapter 400's enactment. In 1985, the General Assembly repealed those provisions then codified at Tenn. Code Ann. §§41-21-212, - 214, - 228, - 229, and - 230 and enacted Tennessee Code Ann. §41-21-236 (1997). 1985 Tenn. Pub. Acts ch.

5 §§2 & 14.  This provision allowed inmates convicted of Class X felonies to earn sentence reduction credits as follows:

> Any person who committed a felony, including any Class X felony, prior to December 11, 1985 may *become eligible* for the sentence reduction credits authorized by this section by signing a written waiver waiving his right to serve his sentence under the law in effect at the time his crime was committed.  However, sentence reduction credits authorized by this section may be awarded only for conduct and/or performance from and after the date a person *becomes eligible* under this section.

Tenn. Code Ann. §41-21-236(c)(3)(1990)(Emphasis added.).

The Department's position is that Appellant was entitled to earn Prisoner Performance Sentence Credits, pursuant to Ch. 400, Tenn. Public Acts of 1983, which credits could reduce the sentence expiration date, not the release classification eligibility date.  The Department also maintains that Appellant has been eligible to earn Prisoner Sentence Reduction Credits, pursuant to Tenn.Code Ann. §41-21-236(c)(3), from the time Appellant executed the waiver required by the statute, which waiver occurred in 1992.

Tenn. Code Ann. §41-21-236(g) specifically authorizes the Department to continue the application of certain previously enacted sentence credit programs to any inmates to whom they applied at the time of enactment and who do not sign the written waivers provided for in §41-21-236(c).

Thus, it appears that the Department's position is that Appellant was eligible to earn those sentence reduction credits defined and established in former §41-21-230, pursuant to Tenn. Code Ann. §40-28-302(1983 Supp.)[repealed] from his incarceration until he signed a §41-21-236(c) waiver in 1992.  From that point, Appellant was eligible to earn the credits available under Tenn. Code Ann. §41-21-236.  Thus, according to the Department, Appellant has been eligible for certain sentence reduction credits since his incarceration, but for only one kind of credit at any time.

Appellant does not directly dispute the Department's position, but appears to argue that he is entitled to additional sentence reduction credits authorized by other statutes and/or that he is entitled to cumulatively accrue all potential credits for which he may have been eligible at any time.  Appellant argues that he "was entitled to earn, and should have received, the following sentence reduction credits *at the same time* and *retroactively*, as a matter of law."  (Emphasis in original.)  Petition for Declaratory Order (T.R. 9).

Appellant's claims regarding sentence credits are based upon questions of law; he does not claim calculation error. Appellant argues that he is entitled to the sentence credits provided in T.C.A. §§41-21-212, - 214, - 228, - 229, and - 230, which Appellant asserts were in effect from his offense date (December 18, 1983) until their repeal in 1985. Mr. Mauldin's eligibility for sentence reduction credits depends upon the language of the statutes creating, authorizing, or defining such credits. *Jones v. Reynolds*, 1997 WL 367661, *3 (Tenn.App. July 2, 1997). A review of the statutes relied upon by Appellant demonstrates that he was not eligible for the sentence reduction credits established in any of the statutes he cites, except for T.C.A. §41-21-230:

> 1. Tenn. Code Ann. §41-21-212(1982) applies "only to those persons convicted of an offense committed before July 1, 1981 ...";
> 2. Tenn. Code Ann. §41-21-214(1982) applies "only to those persons convicted of an offense committed before July 1, 1981 ...";
> 3. Tenn. Code Ann. §41-21-229(1982), by its own terms, does "not apply to sentences imposed upon Class X offenders."
> 4. While Tenn. Code Ann. §41-21-228 did not by its own terms specifically exclude Class X offenders, the Class X Felony Act made those convicted of Class X felonies ineligible for sentence reduction credits of any kind. Tenn. Code Ann. §39-1-703(1982) [repealed]. The 1983 act authorized eligibility of Class X felons to only those credits (prisoner performance sentence credits) established in Tenn. Code Ann. §41-21-230. Therefore, Appellant was never eligible for the credits established in Tenn. Code Ann. §41-21-228.

With regard to his argument that he is eligible for those credits provided in Tenn. Code Ann. §41-21-230(1982)[repealed], the Department agrees that he was eligible for such credits until his 1992 waiver. Based upon the analysis set out above, we agree.

Appellant's position that he is entitled to retroactive application of the sentence reduction credits in Tenn. Code Ann. §§41-21-212, -214, -228, and -229 necessarily also fails since he was never eligible for those credits. His claim of retroactive application of eligibility for the §41-21-230 credits is answered by the Department's position that he was eligible for such credits from the date of his incarceration.

To the extent Appellant's claims can be construed as an argument that he is entitled to both §§41-21-230 and 41-21-236 credits for any period of time, Tenn.Code Ann. §41-21-236(c)(3), quoted above, clearly provides for election by the prisoner of the one type of credit he prefers. *See Jones v. Reynolds*, 1997 WL 367661 (Tenn.App. July 2, 1997).

*Mauldin*, 1999 WL 5084, at *3-5.

As Petitioner was convicted prior to July 1, 1983, he has never been eligible for Tennessee Code Annotated section 41-21-230 credits since Chapter 400 of The Public Acts of 1983 (from which section 41-21-203 was codified) was only effective as to Class X felonies committed after July 1, 1983. As the nonapplicability of these former credit statutes appears, as a matter of law, to foreclose the issues raised by the Petition; we dismiss the Petition on its merits.

Judgment of the trial court is affirmed, and the case is remanded with costs assessed against Petitioner.

_____
WILLIAM B. CAIN, JUDGE