IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 30, 2002

## ANDRE MAYFIELD v. RICKY BELL, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 00-1204-II      Carol McCoy, Chancellor**

_____

**No. M2001-00486-COA-R3-CV - Filed December 5, 2002**

_____

Appellant, a pro se inmate in the Department of Corrections, appeals the dismissal by the chancellor of his case pursuant to Tennessee Code Annotated section 41-21-812. We affirm the action of the chancellor.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Andred Mayfield, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter; Arthur Crownover, II, Senior Counsel, for the appellees, Ricky Bell, Robert Waller, Cheryl Donaldson and Richard Merchant.

**MEMORANDUM OPINION**[1]

Andre Mayfield filed this action seeking a writ of certiorari concerning decisions of the Tennessee Department of Corrections relative to his telephone usage. The Chancery Court of Davidson County dismissed the case pursuant to Tennessee Code Annotated section 41-21-812. This section provides:

> **Filing of subsequent lawsuits not permitted until expenses paid**. -- (a)
> Except as provided by subsection (b), and on notice of assessment of any fees, taxes,

---

[1]Court of Appeals Rule 10:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

costs and expenses under this part, a clerk of a court may not accept for filing another claim by the same inmate until such prior fees, taxes, costs and other expenses are paid in full.

(b) A court may allow an inmate who has not paid any costs or expenses assessed against the inmate to file a claim for injunctive relief seeking to enjoin an act or failure to act that crates a substantial threat of irreparable injury or serious physical harm to the inmate. [Acts 1996, ch. 913, § 1.]

T.C.A. § 41-21-812 (1997 replacement).

The chancellor held in dismissing this case:

A review of court records reveals that, from 1997 until the present, Petitioner has filed twelve separate actions in the Davidson County Chancery Courts. A computer list of these cases is attached hereto and incorporated by reference herein. The present case is the only one that is currently active. Unpaid costs have been assessed against Petitioner for all of the closed cases.

Tennessee law provides that "a clerk of a court may not accept for filing another claim by the same inmate until such prior fees, taxes, costs and other expenses are paid in full." T.C.A. § 41-21-812. This case, which was filed in April 2000, was inadvertently allowed to proceed despite the above statutory prohibition. While T.C.A. § 41-21-812 (b) sets forth an exception for cases where an inmate seeks injunctive relief to prevent irreparable injury or serious physical harm, there is no such claim in the present action.

Accordingly, this action is dismissed. Costs are assessed against Petitioner.

Appended to the Order of Dismissal is a tabulation of the trial court records indicating the following cases filed by Andre Mayfield and terminated with costs taxed against him which remain unpaid.

Case 00-2650-Part II : 08/24/2000 - Mayfield, Andre #128982 vs Bell, Ricky et al.
Case 00-2093-Part II : 07/03/2000 - Mayfield, Andre #128982 vs Cowan, Tonya
Case 00-1204-Part II : 04/17/2000 - Mayfield, Andre #128982 vs Warden Ricky L. Bell et al.
Case 98-3464-Part I : 11/20/1998 - Mayfield, Andre #128982 vs Corrections Commissioner/Donal Campbell
Case 98-3463-Part II : 11/20/1998 - Mayfield, Andre #128982 vs State of Tennessee et al.
Case 98-3462-Part III: 11/20/1998 - Mayfield, Andre #128982 vs Brandon, Howard Chairman et al.
Case 98-2275-Part I : 07/28/1998 - Mayfield, Andre #128982 vs Strickland, C / Capt et al.
Case 98-1046-Part III: 04/03/1998 - Mayfield, Andre #128982 vs Matheny, Becky et al.
Case 98-38-Part III : 01/07/1998 - Mayfield, Andre #128982 vs Cowan, Tanya
Case 97-4150-Part II : 12/16/1997 - Mayfield, Andre #128982 vs. Vance, Tommy et al.
Case 97-3851-Part II : 11/20/1997 - Mayfield, Andre vs Elam, David C et al.
Case 97-3311 - Part III: 10/07/1997 - Mayfield, Andre vs State of Tennessee et al.

The action at bar discloses no substantial threat of irreparable injury or serious physical harm to Mr. Mayfield.

The purpose of the statutes relative to unpaid court costs is to discourage the filing of meritless law suits and affirmance of trial court dismissal is proper. *Davis v. Holland*, 31 S.W.3d 574 (Tenn. Ct. App. 2000).

The judgment of the trial court is affirmed and the case is remanded to the trial court for collection of costs.

Costs of the appeal are assessed against the appellant.

_____

WILLIAM B. CAIN, JUDGE