IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 10, 2005

## JOSEPH STONE v. TENNESSEE DEPARTMENT OF CORRECTIONS, ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 03-254C     Timothy L. Easter, Chancellor by Designation**

---

**No. M2004-00037-COA-R3-CV - Filed January 28, 2005**

---

The petition sought judicial review by way of certiorari to review the Warden's action in terminating his wife's visitation for inappropriate behavior. We affirm the dismissal of the petition on grounds of subject matter jurisdiction and failure to state a claim.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J.M.S., and WILLIAM B. CAIN, J., joined.

Joseph M. Stone, *pro se*.

Paul G. Summer, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Brenner, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

## OPINION

The petitioner is an inmate at the Turney Center Industrial Prison and Farm. He appeals from the denial of a writ of certiorari to review his wife's visitation privileges, alleging that on August 16, 2003 her visit was wrongfully terminated followed by cancellation of subsequent visitation privileges. Visitation was suspended when officials observed the petitioner's wife engaging in inappropriate sexual conduct in the gallery and in the presence of a child. This conduct was videotaped.

After the Warden reviewed the tape and the circumstances of the incident, he suspended the visitation privileges, as aforesaid, basing his action in part on prior inappropriate sexual activity between petitioner and his wife. The petitioner appeals the denial of judicial review, claiming that his civil rights were violated by the Warden.

We hold that the writ was properly denied for a variety of reasons:

(1)     The petitioner did not comply with Tenn. Code Ann. § 41-21-812 which forbids a clerk to file "another claim by the same inmate" if prior costs are unpaid, and the record reveals that the petitioner has outstanding liabilities for costs in three prior cases. ***Davis v. Holland***, 31 S.W.3d 574 (Tenn. Ct. App. 2000).

(2)     The administrative decision of a warden [not engaged in a judicial function] is not reviewable by certiorari. Tenn. Code Ann. § 27-8-101.

(3)     The petition for the writ did not state that it was the first application for the writ, see Tenn. Code Ann. § 27-8-104(a), and

(4)      It was not verified.

It follows that the dismissal of the petition was proper for lack of subject matter jurisdiction and for failure to state a claim. Costs are assessed to the petitioner.

_____
WILLIAM H. INMAN, SENIOR JUDGE