# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 8, 2012

## JAMES EDWARD BASSHAM v. TENNESSEE DEPARTMENT OF CORRECTION ET AL.

### Appeal from the Chancery Court for Wayne County
### No. 2010CV-4823    Stella L. Hargrove, Judge

---

### No. M2011-01379-COA-R3-CV - Filed March 26, 2012

---

Petitioner, an inmate in the custody of the Tennessee Department of Correction, housed at Morgan County Correctional Complex in Wartburg, Tennessee, filed a petition for writ of certiorari in the Wayne County Chancery Court seeking review of the prison disciplinary proceedings for his conviction for the disciplinary offense of "violation of state law" while incarcerated at South Central Correctional Center in Clifton, Tennessee. Based upon the filing of an Inmate Affidavit filed pursuant to Tennessee Code Annotated § 41-21-801 *et seq*., a certified copy of his Inmate Trust Fund Account and a Uniform Civil Affidavit of Indigency, the trial court filed an Order allowing filing on pauper's oath. Upon motion of respondents, the court was advised that Petitioner falsely stated that he had no income from any source. Pursuant to Tennessee Code Annotated § 41-21-804, the trial court dismissed the petition upon the finding that the inmate's affidavit of indigency was false. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

James Edward Bassham, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Mark A. Hudson, Senior Counsel, for the State of Tennessee, Department of Correction, and Gayle Ray, Commissioner.

James Bassham ("Petitioner") is an inmate in the custody of the Tennessee Department of Correction. He is currently housed at Morgan County Correctional Complex in Wartburg, Tennessee. On August 31, 2010, he filed a petition for writ of certiorari in the Wayne County Chancery Court seeking review of the prison disciplinary proceedings for his conviction for the disciplinary offense of "violation of state law" while incarcerated at South Central Correctional Center in Clifton, Tennessee. The named respondents are the Tennessee Department of Correction and Gayle Ray, Commissioner.

The petition was accompanied by an Inmate Affidavit pursuant to Tennessee Code Annotated § 41-21-801 *et seq*., however, no filing fee was remitted and the petitioner did not file an affidavit of indigency or a current certified copy of his inmate trust fund account statement.

On September 9, 2010, the trial court ordered Petitioner to pay the filing fee or file an affidavit of indigency and file a current certified copy of his inmate trust fund account statement showing all activity for the six-month period preceding the filing of this action. On September 20, 2010, Petitioner filed a certified copy of his Inmate Trust Fund Account for the period from February 1, 2010, to August 19, 2010. Ten days later, on September 30, 2010, Petitioner filed a Uniform Civil Affidavit of Indigency. On October 14, 2010, the trial court filed an Order allowing the case to proceed on pauper's oath.

Respondents filed notice that they had no opposition to granting the petition for writ of certiorari and the trial court granted the writ on December 30, 2010.

Subsequently, Respondents moved to dismiss the petition on the grounds that the petitioner failed to disclose all of his previous lawsuits, that he filed a false Uniform Civil Affidavit of Indigency by failing to disclose unpaid court costs and a consistent and longstanding, significant source of income, and because Tennessee Code Annotated § 41-21-812 barred the Petitioner from filing the instant lawsuit due to his outstanding court costs. On March 3, 2011, the trial court dismissed the petition. Petitioner timely filed a notice of appeal on June 22, 2011.

_____

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## ANALYSIS

A court may dismiss a claim filed by an inmate if the court finds that "[t]he allegation of poverty in the inmate's affidavit is false." Tenn. Code Ann. § 41-21-804.

The trial court determined that Petitioner falsely stated that he had no income from any source in his Uniform Affidavit of Indigency. Based upon the records provided by Respondents, the record reveals that Petitioner received money from family or friends on a routine basis. In fact, Petitioner's trust fund account statement reveals, that in the six months prior to filing this lawsuit, he received $650 in income from family and friends. This source of income was not reported on his Uniform Affidavit of Indigency; thus, the affidavit was false.

Petitioner also failed to disclose outstanding court costs not associated with the instant case. The record reveals that Petitioner owes $261.71 in outstanding court costs in the case of *James Edward Bassham v. George M. Little*, case number DTNM110-CV-000019.

There are two spaces on the Uniform Civil Affidavit of Indigency where a petitioner is to disclose such a debt, if any. This is under "other" expenses and under the "miscellaneous debts" portion. Tennessee Code Annotated § 41-21-812 was enacted to bar inmates from filing lawsuits if they have unpaid court costs from prior lawsuits, unless there is an immediate threat of serious physical harm. *See Davis v. Holland*, 31 S.W.3d 574 (Tenn. Ct. App. 2000). The petitioner did not allege an immediate threat of harm; thus, this circumstance also serves as a basis upon which to dismiss the petition.

For the foregoing reasons, we affirm the dismissal of the petition in this case.

## IN CONCLUSION

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against petitioner, James Edward Bassham.

_____
FRANK G. CLEMENT, JR., JUDGE