## Antonio L. SWEATT

v.

## TENNESSEE DEPARTMENT OF CORRECTION.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Assigned on Briefs November 14, 2002.

Aug. 28, 2002.

Opinion Denying Petition for Rehearing Oct. 8, 2002.

Permission to Appeal Denied by Supreme Court Jan. 27, 2003.

Antonio L. Sweatt, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General; Michael E. Moore; Solicitor General; Mark A. Hudson, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

A prison inmate filed a petition for writ of certiorari, which alleged that a prison disciplinary board acted arbitrarily, and convicted him without sufficient evidence. The trial court dismissed the petition for failure to comply with the requirements of Tenn.Code Ann. § 41–21–801, et seq., because the petitioner did not pay the court costs he owed from a prior lawsuit. We affirm the trial court.

### I. DISCIPLINARY PROCEEDINGS

On May 10, 2000, a disciplinary infraction report was issued against Antonio Sweatt, an inmate at the Turney Center Industrial Prison and Farm. The report alleged that Mr. Sweatt had been involved in the theft of eight checks from the prison's business office. He was placed in segregation pending a hearing on the alleged infraction.

Mr. Sweatt requested and was granted three continuances of that hearing, in order to prepare his case, and to arrange for the appearance of another inmate as a witness. Mr. Sweatt contended that he himself was innocent, and that the other inmate was the most likely suspect. The disciplinary board conducted the hearing on June 9, 2000. The other inmate was not called to testify. Mr. Sweatt was found guilty, and was sentenced to ten days of punitive segregation and a fine of $5.00. The board also recommended that he be placed in involuntary administrative segregation. The prisoner appealed to Warden Jack Morgan, who upheld the conviction and approved the recommendation of administrative segregation. Upon further appeal, the commissioner of the Tennessee Department of Correction upheld the decision of the warden and of the disciplinary board.

### II. A PETITION FOR CERTIORARI

Having exhausted his administrative remedies, Mr. Sweatt filed a petition for writ of certiorari in the Chancery Court of Davidson County on September 15, 2000. He claimed that the disciplinary board violated procedural due process in numerous ways, including failing to charge the other inmate for the theft, and failing to question other individuals who had access to the business office. He also claimed that the board's decision was taken in retaliation against him for filing lawsuits and exercising his First Amendment rights. An amended petition added allegations of racial discrimination and excessive punishment.

Mr. Sweatt filed an affidavit of indigence with his petition, together with an affidavit pursuant to the requirements of Tenn. Code Ann. § 41–21–805, detailing all the prior lawsuits he had filed. He also paid the state and county litigation tax for the

present claim, amounting to $37.50. The petitioner's § 41–21–805 affidavit indicates that he filed thirteen prior cases in federal and state courts, and he admitted that seven of those cases were judged to be frivolous.

The Department filed a motion to dismiss for failure to state a claim, lack of jurisdiction, and falsification of the Tenn. Code Ann. § 41–21–805 affidavit. The respondent argued that even though Mr. Sweatt's affidavit stated that resolution of Davidson County Circuit Court case number 98C–3505 was pending, it had actually been dismissed as frivolous. Mr. Sweatt's response asserted that the final judgment in that case was not filed until November 27, 2000, two months after he submitted his affidavit.

The Department did not agree, and attached to its reply the circuit court's memorandum and amended order from case number 98C–3505, which had in fact been filed on November 27, 2000. The memorandum recited that on May 17, 2000, the court had granted the Department's motion for summary judgment, deemed the case to be frivolous, and taxed all costs to Mr. Sweatt. The circuit court noted that Mr. Sweatt had filed over fifty motions prior to the entry of the final order, and that even after that date, he continued to file motions, necessitating yet another order from the court. The court's order also stated that at the time the motion for summary judgment was granted, Mr. Sweatt had accumulated court costs totaling $1,268.50 on the case, and it ruled that "until those costs are paid, the Davidson County Court Clerk is statutorily precluded from filing new and different lawsuits instituted by the plaintiff."

On April 25, 2001, the chancery court granted the Department's motion to dismiss. Since it was undisputed that the petitioner still owed over $1,200 in unpaid court costs to the Davidson County Circuit Court, the court ruled that he was not entitled to file the petition in the first place, and it dismissed the petition in its entirety. This appeal followed.

### III. TENN.CODE ANN. § 41–21–801, ET SEQ.

Mr. Sweatt's brief on appeal, like virtually every motion and memorandum he filed in this case, discusses in detail his allegations of unjust treatment by the disciplinary board. We need not address these allegations, however, for the court's dismissal of his petition was not based on the disciplinary board's actions, but on his own failure to comply with statutory requirements involving the filing of civil claims by indigent inmates.

Tenn.Code Ann. § 41–21–801, et seq., was enacted to counter some of the abuses that arise when inmates exercise their rights to file lawsuits in forma pauperis. Among other things, the legislation was designed to reduce the number of frivolous or malicious lawsuits an inmate can file at taxpayer expense, and to identify and resolve baseless claims at an early stage. The section is applicable to all claims "brought by an inmate in general sessions or a trial level court of record in which an affidavit of inability to pay costs is filed with the claim by the inmate." Tenn.Code Ann. § 41–21–802. [1996 Pub. Acts, chapter 913, § 1, eff. May 8, 1996.]

The 1996 version of Tenn.Code Ann. § 41–21–807 authorized the court to order inmates who file frivolous or malicious claims to pay "filing fees, court costs and any other related expenses" from that inmate's trust account.[1] Section (c) of the

---

1. A–2001 amendment requires *all* inmates who bring a civil action or file an appeal in forma pauperis to furnish the court with a certified copy of their institutional account

same statute places an additional sanction upon inmates who file multiple frivolous claims, as follows:

In no event shall an inmate bring a civil action or appeal a judgment in a civil action or proceeding under this section if the inmate has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of this state or the United States that was dismissed on the grounds that it is frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the inmate is under imminent danger of serious physical injury.

Tenn.Code Ann. § 41–21–812 bars court clerks from filing any claims by inmates who have not paid the costs remaining from prior cases:

(a) Except as provided by subsection (b), on notice of assessment of any fees, taxes, costs and expenses under this part, a clerk of a court may not accept for filing another claim by the same inmate until such prior fees, taxes, costs and other expenses are paid in full.

(b) A court may allow an inmate who has not paid any costs or expenses assessed against the inmate to file a claim for injunctive relief seeking to enjoin an act or failure to act that creates a substantial threat of irreparable injury or serious physical harm to the inmate.

The bar of Tenn.Code Ann. § 41–21–812 applies to validly assessed unpaid costs from all prior cases, not only those found to be malicious or frivolous. *See Sweatt v. Tennessee Board of Paroles*, No. M1999–02265–COA–R3–CV, 2000 WL 1514071 (Tenn.Ct.App. Oct. 12, 2000).

statement, and to pay filing fees in full, with installment payments to be withdrawn from the inmate's account when necessary. Tenn.

The petitioner has now filed eight cases that were judged to be frivolous. He has also been notified that he owes over $1,200 in unpaid court costs for just one of those cases. The filing of this petition thus violates the prohibitions of both Tenn.Code Ann. § 41–21–807 and Tenn.Code Ann. § 41–21–812.

Mr. Sweatt contends on appeal that the above-cited statutes do not apply to him. He argues that he is not proceeding in forma pauperis or at taxpayer expense, because he paid a $37.50 litigation tax upon filing his petition. However, the record contains his Uniform Civil Affidavit of Indigency, in which he swears that "because of my poverty, I am unable to bear the expenses of this case and that I am justly entitled to the relief sought to the best of my belief." The record does not indicate that Mr. Sweatt filed a bond, which is normally required of a party filing a petition or complaint without an affidavit of indigency. In any case, the filing of Mr. Sweatt's "affidavit of inability to pay costs," *see* Tenn.Code Ann. § 41–21–802, brings this case within the provisions of Tenn.Code Ann. § 41–21–801, et seq. Mr. Sweatt's argument is without merit, and the trial court acted appropriately in dismissing his petition.

### IV.

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Antonio Sweatt.

### OPINION DENYING PETITION FOR REHEARING

Antonio Sweatt has filed a Petition to Rehear, in which he asserts once again

Code Ann. § 41–21–807(a) and (b). [2001 Pub. Acts, ch. 76, § 2, eff. April 11, 2001].

that he is not subject to the provisions of Tenn.Code. Ann. § 41–21–801, et seq., because in the present case he paid the initial filing fee of $37.50 in full. He also notes that the chancellor never signed the Uniform Civil Affidavit of Indigency he submitted, and argues that the reason was that the chancellor knew that he was not proceeding in forma pauperis.

It appears to us, however, that if Mr. Sweatt wished to avoid the penalties that Tenn.Code. Ann. § 41–21–801, et seq., imposes upon those who have filed frivolous lawsuits or have failed to pay previously incurred court costs, he would have had to provide the court clerk with unambiguous assurances of his intention and his ability to pay the costs in the present case. Such assurances are normally provided through a reliable surety, or through the submission of a cash bond. Payment of the initial filing fee is not sufficient for this purpose.

As for the failure of the chancellor to sign the affidavit of indigency, we note that the Uniform Affidavit provides two alternate places for the judge's signature. A signature under the heading "ORDER ALLOWING FILING ON PAUPER'S OATH" allows the judge to signify that the plaintiff is indigent and is qualified to file on a pauper's oath. A signature under the heading "DETERMINATION OF NON-INDIGENCY" allows the judge to signify that the plaintiff is not an indigent person, and thus does not qualify to file the case on a pauper's oath.

Mr. Sweatt's situation does not quite match either of these circumstances. His signature on the affidavit follows a sworn declaration that he is "financially unable to pay the costs of this action," but it appears to us that he is not entitled to proceed under a pauper's oath because of his prior frivolous lawsuits and unpaid court costs. Thus we cannot agree with Mr. Sweatt's

argument as to the meaning of the chancellor's failure to sign the affidavit.

The Petition to Rehear is denied.