IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 19, 2006

## ANDRE L. DOTSON v. CITY OF MEMPHIS

An Appeal from the Circuit Court for Shelby County
No. CT-005007-04    Karen R. Williams, Judge

No. W2005-01602-COA-R3-CV - Filed October 25, 2006

This is an appeal from the dismissal of an inmate's civil action for failure to pay costs in prior lawsuits. The plaintiff inmate, proceeding *pro se*, filed a complaint in the trial court against the defendant municipality alleging violations of the government tort liability act, proceeding as a pauper. The City filed a motion to dismiss the case based on Tennessee Code Annotated § 41-21-812, because the plaintiff had failed to pay costs in previous lawsuits filed by him. Realizing that his lawsuit was subject to dismissal under the statute, the plaintiff then paid the initial filing fee and cash bond for the instant lawsuit, but did not pay the costs for the prior lawsuits. The plaintiff subsequently filed a response to the City's motion to dismiss, claiming that, although he initially was prohibited from filing the lawsuit, because he subsequently paid his filing fees for the instant lawsuit, Section 41-21-812 was not applicable. The trial court dismissed the case pursuant to the statute. The plaintiff now appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Andre L. Dotson, appellant, *pro se*.

Fred E. Jones, Jr., Memphis, Tennessee, for the appellee, City of Memphis.

# MEMORANDUM OPINION[1]

Plaintiff/Appellant Andre L. Dotson ("Dotson") is an inmate in a Shelby County prison. On August 31, 2004, Dotson filed a complaint for damages in the trial court below against the Defendant/Appellee City of Memphis ("the City") pursuant to the Government Tort Liability Act of the State of Tennessee, Tennessee Code Annotated § 29-20-101 *et seq.* On September 21, 2004, Dotson filed a sworn affidavit of indigence, claiming that, due to his poverty, he was "unable to bear the expense of this cause . . . ." On October 29, 2004, Dotson filed a motion seeking appointed counsel, alleging that he was "unable to afford counsel."

On November 16, 2004, the City filed a motion to dismiss alleging, *inter alia*, that Dotson's complaint should be dismissed because Dotson had not paid outstanding court costs to the Shelby County Circuit Court for costs assessed against him in previous litigation, and that his failure to pay the costs assessed in the prior litigation barred this lawsuit pursuant to Tennessee Code Annotated § 41-21-812.

On November 29, 2004, realizing that his lawsuit was subject to dismissal under the statute, Dotson paid the initial filing fee of $138.50 and the required cash bond of $150 for the instant litigation. He paid no costs associated with his prior litigation. On February 10, 2005, Dotson filed a response to the City's motion to dismiss. In his response, Dotson admitted that section 41-21-812 prohibited him from filing this lawsuit. However, he claimed that he was unaware of the prohibition in the statute when he filed this lawsuit, and asserted that, because he later came into "good standards with the Courts" by paying his filing fees in this lawsuit, the City's motion to dismiss should be denied. He argued that, because the clerk of the trial court erroneously accepted his complaint through excusable neglect, his action should be allowed to proceed.

On March 2, 2005, the trial court conducted a hearing. At the conclusion of the hearing, the trial court determined that Dotson owed $1,073 in outstanding fees, costs, and expenses from previous litigation and granted Dotson thirty (30) days from the date of the hearing to pay the debt in full. On March 21, 2005, Dotson filed a motion to enlarge the time in which he would be permitted to pay his outstanding court costs. On April 6, 2005, the trial court entered an order dismissing Dotson's complaint based on his failure to pay the outstanding court costs. On May 9, 2004, Dotson filed a motion to alter or amend the trial court's order, including an additional request for more time to pay his debt. On July 12, 2005, the trial court entered an order denying Dotson's motion to alter or amend and denying his motion for an enlargement of time. Dotson now appeals the trial court's decision.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

We review the trial court's factual findings *de novo* on the record, presuming those findings to be correct unless the evidence preponderates otherwise. T.R.A.P. 13(d); *Farnsworth v. Kenya*, No. W2001-00961-COA-R3-CV, 2002 WL 54392, at *2 (Tenn. Ct. App. Jan. 9, 2002). We review issues of law *de novo*, with no presumption of correctness in the trial court's decision. *Farnsworth*, 2002 WL 54392, at *2.

Dotson's complaint was dismissed pursuant to section 41-21-812. That statute provides:

> (a) Except as provided by subsection (b), on notice of assessment of any fees, taxes, costs and expenses under this part, a clerk of a court may not accept for filing another claim by the same inmate until such prior fees, taxes, costs and other expenses are paid in full.
> (b) A court may allow an inmate who has not paid any costs or expenses assessed against the inmate to file a claim for injunctive relief seeking to enjoin an act or failure to act that creates a substantial threat of irreparable injury or serious physical harm to the inmate.

T.C.A. § 41-21-812 (2003). If a clerk erroneously accepts for filing a claim to which this statute applies, the trial court is authorized to dismiss the case under the statute. *See Davis v. Holland*, 31 S.W.3d 574, 578 (Tenn. Ct. App. 2000).

On appeal, Dotson argues that the trial court erred in dismissing his complaint for failure to pay court costs pursuant to the statute, because he should not be held responsible for the excusable neglect of the court clerk in accepting his complaint for filing. He contends that, because he paid his court costs after the City filed its motion to dismiss, the statute was no longer applicable to him since his claim was no longer filed as an indigent. He claims that the trial court showed prejudice against him by denying his motion to enlarge the time in which he could pay his outstanding court costs, maintaining that such requests should be liberally granted when the request is made before the time allotted has expired. He implies that denying him such additional time violated his constitutional right to access to the courts.

We recognize that section 41-21-812 applies only to cases in which "an affidavit of inability to pay costs is filed with the claim by the inmate." *See* T.C.A. § 41-21-802 (2003). Dotson initially filed a sworn affidavit of indigence when he filed his claim. Later, however, he paid the full filing fee and bond costs. He argues that, by belatedly paying his filing fees, the statute no longer applied to him, and this lawsuit should be allowed to proceed regardless of his outstanding costs in the prior lawsuits.

We need not decide whether Section 41-21-812 would be applicable if Dotson had originally paid his filing fees in this lawsuit and had not filed an affidavit of indigence. *See Sweatt v. TDOC*, 99 S.W.3d 112, 115 (Tenn. Ct. App. 2002). That is not the situation in the present case. Here, Dotson filed an affidavit of indigence, making a sworn statement to the trial court that he was unable to pay the costs of his lawsuit. He did not retract that affidavit; rather, he quickly overcame his

claimed indigence and paid his filing fees upon being informed that his lawsuit could be dismissed under the statute. Dotson should not be permitted to benefit from taking such inconsistent positions, particularly when his actions were taken in an obvious attempt to manipulate the judicial process so as to avoid his financial responsibilities to the court for the costs lawfully assessed against him in prior litigation. "The rule is well established that during the course of litigation a party is not permitted to assume or occupy inconsistent and contradictory positions, and while this rule is frequently referred to as 'judicial estoppel,' it more properly is a rule which estops a party to play fast-and-loose with the courts." *Cothron v. Scott*, 446 S.W.2d 533, 535-36 (Tenn. Ct. App. 1969) (quoting 31 C.J.S. Estoppel § 117, p. 623).

As to his other assertions on appeal, Dotson cites no compelling authority in support of his arguments. In the trial court and in his appellate brief, Dotson admits that initially he was prohibited under section 41-21-812 from filing the instant lawsuit, but claims that the clerk's excusable neglect in accepting the complaint means that the statute should not apply. To the contrary, however, this Court has held that the trial court is authorized to dismiss a lawsuit when it has been erroneously filed by the trial court clerk under section 41-21-812. *See Davis*, 31 S.W.3d at 578. The bar under this statute "applies to validly assessed unpaid costs from all prior cases, not only those found to be malicious or frivolous." *Sweatt*, 99 S.W.3d at 115. Regarding the trial court's denial of Dotson's motion to enlarge the time allowed to pay the overdue court costs, we note that the statute contains no provision allowing *any* time for making such payments. Rather, lawsuits filed in violation of the statute may not be accepted, clearly indicating that the prior costs must be paid *before* filing additional litigation. We see no error in the trial court's denial of Dotson's request for more time to pay the prior costs.

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Andre L. Dotson, and his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE