IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2012

## ORLANDO FIELDS v. CORRECTIONS CORPORATION OF AMERICA ET AL.

**Appeal from the Chancery Court for Wayne County**
**No. 2010CV-4790      Stella L. Hargrove, Judge**

---

**No. M2011-01344-COA-R3-CV - Filed March 21, 2012**

---

An inmate at the South Central Correctional Facility in Clifton, Wayne County, Tennessee, filed this Petition for Writ of Certiorari to challenge the decision of the prison grievance board and that of the Commissioner. All of the respondents filed motions to dismiss the petition on several grounds including that Petitioner failed to comply with Tenn. Code Ann. § 41-21-805, that decisions by a prison grievance boards are not reviewable under a common law writ of certiorari, and Petitioner failed to comply with Tenn. Code Ann. § 41-21-806(b). The trial court dismissed the petition as to all respondents. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Orlando Fields, Wartburg, Tennessee, Pro Se.

James I. Pentecost, Jackson, Tennessee, for the appellees, Corrections Corporation of America, Cherry Lindamood, Leigh Kilzer, Tracy Sweat, and Phyllis Hodge.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Lee Pope, Assistant Attorney General, for the State of Tennessee and Assistant Commissioner Reuben Hodge.

## OPINION

Orlando Fields ("Petitioner") submitted an inmate grievance on February 21, 2010, and resubmitted the grievance on March 6, 2010, in which he alleged that a correctional

officer entered his cell on February 10, 2010, while Petitioner was away, and broke Petitioner's television. The Grievance Clerk received the grievance on April 8, 2010. On April 9, 2010, a Supervisor Response was entered regarding the inmate grievance, stating that the correctional officer entered Petitioner's cell because Petitioner left his television on in violation of institutional policy and turned the television off; nothing more. On April 12, 2010, an Inmate Grievance Response was entered by the Grievance Chairperson, concurring with the Supervisor's Response. On April 20, 2010, a grievance hearing was held and the Inmate Grievance Committee entered a response concurring with the Supervisor's Response.

On April 22, 2010, Warden Cherry Lindamood reviewed the grievance and concurred with the supervisor's response. On April 27, 2010, Petitioner appealed the response to his grievance to the Commissioner of Correction. On May 13, 2010, the Commissioner's office responded that it too concurred with the Supervisor's Response.

This Petition for Writ of Certiorari was filed in the Wayne County Chancery Court on June 18, 2010. Corrections Corporation of America ("CCA"),[1] Cherry Lindamood, Leigh Kilzer, Tracy Sweat, Phyllis Hodge and Reuben Hodge are the named defendants. Reuben Hodge is the Assistant TDOC Commissioner; the other respondents are employed by CCA.

On September 9, 2010, Commissioner Hodge filed a motion to dismiss the petition on the following grounds: (1) Petitioner failed to disclose his complete history of prior lawsuits as required by Tenn. Code Ann. § 41-21-805; (2) the decisions reached by a prison grievance committee are not reviewable by way of certiorari; (3) Petitioner failed to state a claim concerning the handling of his grievance; and (4) the doctrine of sovereign immunity barred any claims for money damages against Commissioner Hodge.

On September 28, 2010, Petitioner filed a pleading entitled "Permission to Amend," requesting permission to amend his "inmate affidavit" submitted pursuant to Tenn. Code Ann. § 41-21-801 *et seq.* to include a previous lawsuit filed by Petitioner.

On October 18, 2010, the trial court granted Commissioner Hodge's motion to dismiss and denied Petitioner's motion to amend. On the same date, the CCA respondents, Cherry Lindamood, Leigh Kilzer, Tracy Sweat, and Phyllis Hodge filed a motion to dismiss the petition. The CCA Respondents cited the same grounds for dismissal as Commissioner Hodge and they asserted  as an additional ground for dismissal that Petitioner failed to comply with Tenn. Code Ann. § 41-21-806(b). In response, Petitioner filed a pleading entitled "Permission to Amend," but the requested relief in the pleading was a response to

---

[1] The South Central Correctional Facility in Clifton, Wayne County, Tennessee, a TDOC facility, is managed by Corrections Corporation of America.

the motion to dismiss. On May 27, 2011, the Court granted the CCA respondents' motion to dismiss. This Order was a final judgment as to all issues.

Petitioner timely filed a notice of appeal on June 15, 2011. We have determined the trial court correctly dismissed the petition on two grounds; he failed to comply with the disclosure requirements pursuant to Tenn. Code Ann. § 41-21-805, and a writ of certiorari is not a vehicle by which our courts may review the intrinsic correctness of the conclusions of an administrative decision maker.

**ANALYSIS**

A.

Tennessee Code Annotated § 41-21-801 *et seq.*, the Tennessee Prisoner Litigation Reform Act, was enacted "to counter some of the abuses that arise when inmates exercise their rights to file lawsuits *in forma pauperis*." *Sweatt v. Tennessee Dep't of Correction*, 99 S.W.3d 112, 114 (Tenn. Ct. App. 2002). One of the ways in which Tenn. Code Ann. § 41-21-801 *et seq.* counters the abuses of inmates seeking to proceed *in forma pauperis* is that it requires inmates to provide an affidavit containing information regarding all previous lawsuits. If an inmate wishing to proceed *in forma pauperis* fails to supply all of the information required by Tenn. Code Ann. § 41-21-805, dismissal is appropriate. *Williams v. Bell*, 37 S.W.3d 477, 480 (Tenn. Ct. App. 2000).

Pursuant to the statutory scheme, Petitioner was required to file an affidavit addressing his prior lawsuits, another one attesting to his inability to pay court costs, and a certified copy of his inmate trust account. Tenn. Code Ann. § 41-21-805. In this case, Petitioner filed an affidavit but failed to disclose his history of prior lawsuits. Petitioner also failed to supply the information required by Tenn. Code Ann. § 41-21-805(a)(2) for the only lawsuit he disclosed. Therefore, the trial court acted properly by dismissing the petition upon the motions of the respondents because Petitioner failed to comply with the requirements of Tenn. Code Ann. § 41-21-805.

B.

The scope of review of a common law writ is very narrow, "[i]t covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily." *Powell v. Parole Eligibility Re. Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994) (emphasis added) (citing *Yokley v. State*, 632 S.W.2d 123 (Tenn. Ct. App. 1981). A writ of certiorari is not a vehicle through which courts may consider *the intrinsic correctness* of the conclusions of *an administrative decision maker*. *Arnold v. Tennessee Bd. of Paroles*, 956

S.W.2d 478, 480 (Tenn. 1997). As stated in *Powell*, "it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached." *Id*. at 873.

A common law writ of certiorari is the proper vehicle for inmates seeking review of proceedings such as prison *disciplinary proceedings. See Rhoden v. State Dep't of Corr*. 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998) (emphasis added). However, unlike the disciplinary board, "grievance committees" are merely administrative bodies established by the TDOC for the purpose of providing a forum for the expression and resolution of inmate complaints. Pursuant to TDOC Policy, an inmate completes a grievance form, the grievance committee chairperson then forwards the grievance to the employee or the department involved for a response, and that response is reviewed by the chairperson who also provides a written response. If the inmate accepts the response, the matter is considered resolved. If the inmate does not agree, he may appeal the response to the grievance committee and warden. The grievance committee will issue a proposed response, the proposed response is forwarded to the warden, and the warden reviews the committee's response and provides a response of agreement or disagreement. If the inmate agrees with the warden's decision, the matter is considered resolved. If he disagrees, the inmate may file an appeal to the Assistant Commissioner of Operations.

The foregoing process demonstrates that the grievance committee's decisions are not judicial in nature and that the grievance committee does not make legal conclusions at a hearing required by law. As a result, the actions of the grievance committee are purely administrative.

Taking all the factual allegations as true, the petition merely alleges that the grievance committee did not "correctly rectify" the alleged damage to his television. Therefore, Petitioner attacks "the intrinsic correctness" of the grievance committee's decision, which is beyond the scope of review under the common law writ. *See Powell,* 879 S.W.2d at 873 (citing *State ex rel McMorrough v. Hunt*, 192 S.W. 931 (Tenn. 1917)). For these reasons, we affirm the trial court.

## IN CONCLUSION

The judgment of the trial court is affirmed in all respects and this matter is remanded with costs of appeal assessed against Petitioner, Orlando Fields.

_____
FRANK G. CLEMENT, JR., JUDGE