IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2017

## MARTIN E. HUGHES v. TENNESSEE DEPARTMENT OF CORRECTION ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 16-681-IV      Russell T. Perkins, Chancellor**

_____

### No. M2016-02212-COA-R3-CV

_____

The plaintiff, an inmate proceeding self-represented, filed a "Petition for Declaratory Judgment" ("Petition") on June 24, 2016, alleging that the Hardeman County Correctional Facility ("HCCF") staff had failed to follow numerous policies established by the Tennessee Department of Correction ("TDOC"). In conjunction with the Petition, the plaintiff filed a motion seeking a temporary restraining order and a preliminary injunction. The plaintiff subsequently filed a document entitled, "Complaint." On September 12, 2016, the defendants filed a motion to dismiss, asserting, *inter alia*, that the plaintiff's action was statutorily barred. The trial court entered two orders on October 7, 2016, respectively denying the plaintiff's request for a temporary restraining order and preliminary injunction and granting the defendants' motion to dismiss. The plaintiff filed a notice of appeal. Determining that the trial court did not err in dismissing the plaintiff's claims, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Martin E. Hughes, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Eric A. Fuller, Assistant Attorney General, for the appellees, Tony Parker, Commissioner of the Department of Correction, and Donnelle Peterson.

James I. Pentecost and Jonathan D. Buckner, Jackson, Tennessee, for the appellees, Grady Perry, Bernard Deitz, Bryon Ponds, Charlotte Burns, Keinanna Jackson, Desiree Andrews, Sharon Reid, Joanne Henson, Tameka Walker, Judy Hall, and Lotoya Brown.

## OPINION

### I. Factual and Procedural Background

The appellant, Martin E. Hughes, a TDOC inmate, is currently housed at HCCF. Mr. Hughes initiated this action on June 24, 2016, by filing the Petition, alleging in pertinent part:

> TDOC Compliance is not being followed here at this Facility and has resulted into the violations of my civil and constitutional rights. This facility's staff and warden continue to operate illegally and in arbitrary, malicious order.

Mr. Hughes further stated, *inter alia*, that his constitutional rights were being violated at HCCF by the facility staff through:

> [D]enying me the right to file requests, grievances, speak to my attorney's [sic], receive adequate medical, religious worship, sanitary food, and several other very serious issues that have resulted in my Due-Process rights regarding my ongoing trial.

Concomitant with the filing of his Petition, Mr. Hughes filed a motion seeking a temporary restraining order and a preliminary injunction. Mr. Hughes requested that the trial court prohibit the defendants from "retaliating against me any further and also to expose the severe constitutional violati[o]ns ongoing against me." Named as respondents in the Petition were TDOC Commissioner Derrick Schofield,[1] as well as various HCCF employees, including Donnelle Peterson, Desiree Andrews, Dr. Bernard Deitz, "Warden" Grady Perry, Bryon Ponds, Charlotte Burns, Latoya Brown, Joanne Henson, Sharon Reid, and Judy Hall (collectively, "Employee Respondents").

On June 27, 2016, the trial court entered an order relative to Mr. Hughes's Petition. According to the order, Mr. Hughes failed to comply with the requirements set forth in Tennessee Code Annotated §§ 41-21-801, *et seq.*, concerning lawsuits filed by

---

[1] Mr. Schofield has since left the position of TDOC Commissioner. That position is now held by Tony Parker.

inmates.[2] The trial court specifically noted that Mr. Hughes had failed to comply with the following requirements: (1) paying the filing fee in the amount of $284.50 or filing an "Affidavit of Indigency"; (2) filing an affidavit containing the information required by Tennessee Code Annotated § 41-21-805; (3) partially paying the litigation tax as required by Tennessee Code Annotated § 41-21-807, pending filing of an approved pauper's oath; and (4) filing a summons in duplicate for each defendant with a copy of the petition for each summons to be issued. The court granted Mr. Hughes thirty days to rectify these deficiencies in order to avoid dismissal of his action.

On August 2, 2016, Mr. Hughes filed a document entitled, "Complaint," wherein he further claimed violations of his constitutional and civil rights, with emphasis upon the alleged denial of his legal rights and medical care, as well as allegations of retaliation and improper conduct by HCCF staff. No additional defendants were named in the Complaint. Attached to the Complaint, Mr. Hughes filed various documents, including (1) a letter from the trial court returning his Petition due to his lack of standing to file pursuant to Tennessee Code Annotated § 41-21-812, (2) copies of various Tennessee statutes, (3) copies of various grievances and disciplinary reports, (4) copies of sick call requests and answers, (5) copies of medical record requests, (6) trust fund account statements, and (7) an "Inmate Affidavit Pursuant to T.C.A. § 41-21-805 *et seq.*"

Mr. Hughes also filed a separate, additional "Inmate Affidavit Pursuant to T.C.A. § 41-21-805 *et seq.*" Within this Affidavit, Mr. Hughes acknowledged having filed three civil actions in the United States District Court, Eastern District, at Greeneville, Tennessee: (1) *Hughes v. City of Rogersville et al.*, No. 2:15-CV-302-JRG-MCLC (Nov. 16, 2015); (2) *Hughes v. Hamblen County Sheriff's Dep't et al.*, No. 2:14-CV-335-JRG-DHI (May 23, 2016); and (3) *Hughes v. Rogersville City Police Dep't et al.*, No. 2:14-cv-171 (Nov. 25, 2014).

On September 12, 2016, Employee Respondents filed a motion to dismiss, delineating four separate grounds for dismissal: (1) operation of Tennessee Code

---

[2] As this Court has previously explained:

> Tenn. Code Ann. § 41-21-801, et seq., was enacted to counter some of the abuses that arise when inmates exercise their rights to file lawsuits in forma pauperis. Among other things, the legislation was designed to reduce the number of frivolous or malicious lawsuits an inmate can file at taxpayer expense, and to identify and resolve baseless claims at an early stage. The section is applicable to all claims "brought by an inmate in general sessions or a trial level court of record in which an affidavit of inability to pay costs is filed with the claim by the inmate."

*Sweatt v. Tennessee Dep't of Corr.*, 99 S.W.3d 112, 114 (Tenn. Ct. App. 2002) (quoting Tenn. Code Ann. § 41-21-802).

Annotated § 41-21-807; (2) unclean hands; (3) lack of jurisdiction over the grievance-related claims and improper venue; and (4) failure to state a claim upon which relief could be granted. Concomitant with their motion and accompanying memorandum, Employee Respondents filed copies of orders demonstrating that the above-captioned lawsuits filed by Mr. Hughes had been dismissed as frivolous or for failure to state a claim upon which relief could be granted.

On October 7, 2016, the trial court entered an order denying the Petition for declaratory judgment and preliminary injunction. Regarding the subsequently filed Complaint, the court entered a memorandum and final order, determining that, *inter alia*, pursuant to Tennessee Code Annotated § 41-21-812, Mr. Hughes's claims should be dismissed. By reason of the dismissal of the case, the court denied a pending motion to amend the complaint.

## II. Issues Presented

Mr. Hughes presents the following issues for our review, which we have restated slightly:

1. Whether the trial court erred in denying Mr. Hughes's Petition for declaratory judgment for failure to state a claim for constitutional violations.

2. Whether the trial court erred in granting the motion to dismiss because Mr. Hughes had outstanding court costs barring additional filings pursuant to Tennessee Code Annotated § 41-21-812.

## III. Standard of Review

The standard of review applicable to a trial court's decision to grant or dissolve a temporary injunction is an abuse of discretion standard. *See Otter's Chicken Tender, LLC v. Coppage*, No. M2010-02312-COA-R3-CV, 2011 WL 2552663, at *3 (Tenn. Ct. App. June 27, 2011). Our Supreme Court has elaborated on this standard as follows:

> The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal. *Beard v. Bd. of Prof'l Responsibility,* 288 S.W.3d 838, 860 (Tenn. 2009); *State ex rel. Jones v. Looper,* 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000). It reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives. *Overstreet v. Shoney's, Inc.,* 4 S.W.3d 694, 708 (Tenn. Ct.

4

App. 1999).  Thus, it does not permit reviewing courts to second-guess the court below, *White v. Vanderbilt Univ.,* 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999), or to substitute their discretion for the lower court's, *Henry v. Goins,* 104 S.W.3d 475, 479 (Tenn. 2003); *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 927 (Tenn. 1998).  The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny.  *Boyd v. Comdata Network, Inc.,* 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002).

Discretionary decisions must take the applicable law and the relevant facts into account.  *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.,* 249 S.W.3d 346, 358 (Tenn. 2008); *Ballard v. Herzke,* 924 S.W.2d 652, 661 (Tenn. 1996).  An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision.  *State v. Lewis,* 235 S.W.3d 136, 141 (Tenn. 2007).  A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.  *State v. Ostein,* 293 S.W.3d 519, 526 (Tenn. 2009); *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.,* 249 S.W.3d at 358; *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville,* 154 S.W.3d [22,] 42 [(Tenn. 2005)].

To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions.  *Flautt & Mann v. Council of Memphis,* 285 S.W.3d 856, 872-73 (Tenn. Ct. App. 2008) (quoting *BIF, a Div. of Gen. Signal Controls, Inc. v. Service Constr. Co.,* No. 87-136-II, 1988 WL 72409, at *3 (Tenn. Ct. App. July 13, 1988) (No Tenn. R. App. P. 11 application filed)).  When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness.  *Johnson v. Nissan N. Am., Inc.,* 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004); *Boyd v. Comdata Network, Inc.,* 88 S.W.3d at 212.

*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010).

In reviewing the trial court's dismissal of a complaint pursuant to Tennessee Rule of Civil Procedure 12, we must consider only the legal sufficiency of the complaint dismissed. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). As our Supreme Court has explained:

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *White v. Revco Disc. Drug Ctrs., Inc.,* 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01).

*Id.* (additional internal citations omitted).

In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield,* 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart,* 368 S.W.3d at 462 (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow,* 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

IV.     Denial of Temporary Restraining Order and Preliminary Injunction

Mr. Hughes contends that the trial court erred by denying his motion for a temporary restraining order and preliminary injunction. When making a determination regarding such a motion, the inquiry is based on the language of Tennessee Rule of Civil Procedure 65.04(2), which provides:

> A temporary injunction may be granted during the pendency of an action if it is clearly shown by verified complaint, affidavit or other evidence that the movant's rights are being or will be violated by an adverse party and the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the adverse party will tend to render such final judgment ineffectual.

This Court has previously elucidated that the following four-factor analysis should be utilized to govern the grant of a temporary injunction:

1.     The threat of irreparable harm to the applicant if the injunction is not granted;

2.     The balance between the harm the applicant is seeking to prevent and the injury the injunction would inflict on the party the applicant is proposing to enjoin;

3.     The probability that the applicant will succeed on the merits; and

4.     The public interest.

*See Moody v. Hutchison*, 247 S.W.3d 187, 199-200 (Tenn. Ct. App. 2007) (citing *Mosby v. Colson*, No. W2006-00490-COA-R3-CV, 2006 WL 2354763, at *13 (Tenn. Ct. App. Aug.14, 2006)).

Applying these factors, the trial court concluded that Mr. Hughes had failed to show that he was likely to suffer irreparable harm if the injunction were not granted. Instead, the trial court determined that Mr. Hughes had an adequate remedy at law. In addition, the court concluded that Mr. Hughes had not demonstrated a likelihood of success on the merits. Upon our thorough review of the record in this matter, we agree with the trial court.

In his Petition, Mr. Hughes asserted that his constitutional rights were being violated at HCCF by the staff, in particular, that the staff had denied him "the right to file requests, grievances, speak to [his] attorney's (sic), receive adequate medical, religious

7

worship, sanitary food, and several other very serious issues . . . ." Mr. Hughes's Petition and subsequent motion contain no factual allegations in support of his claims. Rather, Mr. Hughes submitted to the trial court various documents, including copies of grievance records and medical requests. These documents, however, tend to disprove rather than support Mr. Hughes's position.

For example, the documentation submitted by Mr. Hughes belies his complaint that he was improperly restricted to his cell by HCCF staff and thus caused to miss a legal filing deadline. Rather, Mr. Hughes's documentation demonstrates that this restriction was actually caused by a prison-wide modified lockdown. Mr. Hughes's documentation further demonstrates that his grievances and medical requests were received and answered, as well as his request to attend church services. Aside from this documentation, Mr. Hughes presented no factual information upon which an analysis of potential harm could be conducted.

Plaintiffs are required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Tenn. R. Civ. P. 8.01. "While a complaint need not contain 'in minute detail' the facts giving rise to the claim, it nevertheless must contain allegations 'from which an inference may fairly be drawn that evidence on these material points will be introduced at trial.'" *Trau-Med,* 71 S.W.3d at 704. "[T]here is no duty on the part of the court to create a claim that the pleader does not spell out in his complaint." *Id.* at 704 (citations omitted). Furthermore, "[a]lthough we are required to construe the factual allegations in Plaintiffs' favor, and therefore accept the allegations of fact as true, we are not required to give the same deference to conclusory allegations." *See Riggs v. Burson,* 941 S.W.2d 44, 48 (Tenn. 1997). Mr. Hughes presented only conclusory allegations to support his claims. Therefore, we conclude that he did not demonstrate that he would suffer irreparable harm in the absence of the injunction.

Concerning the other factors, we determine that because Mr. Hughes has not demonstrated that he will suffer irreparable harm, the grant of an injunction would place an unnecessary burden on Employee Respondents. Furthermore, Mr. Hughes has not shown a likelihood of success on the merits with regard to his claim that Employee Respondents are not following TDOC policy and thereby violating his civil and constitutional rights. Accordingly, Mr. Hughes has shown no reason that the public interest would require the grant of a temporary injunction.

Based on the applicable four-factor analysis and Tennessee Rule of Civil Procedure 65.04, we determine that the trial court did not err in denying Mr. Hughes's motion for a temporary restraining order and preliminary injunction.

## V.  Grant of Motion to Dismiss

Mr. Hughes contends that the trial court erred by granting Employee Respondents' motion to dismiss.  The trial court dismissed Mr. Hughes's Complaint, *inter alia*, pursuant to Tennessee Code Annotated § 41-21-812(a) ("[A] clerk of a court may not accept for filing another claim by the same inmate until prior fees, taxes, costs and other expenses are paid in full.").[3]  The court further stated that the Complaint failed to state a claim upon which relief could be granted.

The trial court noted that Mr. Hughes maintained outstanding fees and court costs, which he had accrued in the respective U.S. District Court.  Despite the court's finding, the record is devoid of any proof regarding such outstanding fees and costs.  The record does, however, contain proof demonstrating that Mr. Hughes, while incarcerated, filed three prior lawsuits that were ultimately dismissed as frivolous or for failing to state a claim upon which relief could be granted.  Tennessee Code Annotated § 41-21-807(c) provides:

> In no event shall an inmate bring a civil action or appeal a judgment in a civil action or proceeding under this section if the inmate has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of this state or the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted, unless the inmate is under imminent danger of serious physical injury.

Having previously determined that Mr. Hughes failed to demonstrate that he was in danger of irreparable harm, which would include imminent danger of serious physical injury, we determine that Mr. Hughes's Complaint was properly dismissed by the trial court, albeit for a different reason.  *See Hopkins v. Hopkins*, 572 S.W.2d 639, 641 (Tenn. 1978) ("Suffice it to say that this Court will affirm a decree of the trial court correct in result, though rendered upon different, incomplete or erroneous grounds."); *Lewis v. NewsChannel 5 Network, L.P.*, 238 S.W.3d 270, 303 n.31 (Tenn. Ct. App. 2007) ("The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result.").  Upon careful review of the record, we determine that dismissal of the instant action was proper pursuant to Tennessee Code Annotated § 41-21-807(c), based on the dismissal of at least three prior

---

[3] Tennessee Code Annotated § 41-21-812(b) does provide an exception allowing an inmate who has not paid any costs or expenses to file a claim for injunctive relief if the act to be enjoined "creates a substantial threat of irreparable injury or serious physical harm to the inmate."  Mr. Hughes has failed to demonstrate that this exception applies.

federal lawsuits as frivolous or failing to state a claim upon which relief could be granted. We therefore affirm the trial court's dismissal of Mr. Hughes's claims in the case at bar.

## VI.    Conclusion

For the foregoing reasons, we affirm the trial court's denial of a temporary restraining order and preliminary injunction. We further affirm the trial court's grant of Employee Respondents' motion to dismiss. We remand this matter to the trial court for further proceedings consistent with this Opinion. Costs on appeal are taxed to the appellant, Martin E. Hughes.

_____
THOMAS R. FRIERSON, II, JUDGE